IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell Snow, | ) | C/A No.: 1:14-412-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina; County of | ) | REPORT AND RECOMMENDATION |
| Georgetown; Georgetown County | ) | |
| Detention Center; Joann Clarey, | ) | |
| Position Lt.; Michael A. Schwartz, | ) | |
| Position Administrator; and Collette | ) | |
| Wineglass, Position Captain, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Darrell Snow, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while incarcerated at the Georgetown County Detention Center ("GCDC"), his constitutional rights were violated by the State of South Carolina, County of Georgetown (the "County"), GCDC, and GCDC employees Joann Clarey ("Clarey"), Michael A. Schwartz ("Schwartz"), and Collette Wineglass ("Wineglass") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process as to the following defendants: the State of South Carolina, the County, GCDC, Schwartz, and Wineglass.[1]

---

[1] A separately docketed order directs service of Plaintiff's claims against Clarey.

I.      Factual and Procedural Background

On February 19, 2014, Plaintiff filed a document alleging a violation of his "outgoing mail rights." [Entry #1]. The court issued an order on February 28, 2014, allowing Plaintiff an opportunity to bring this case into proper form for initial review. [Entry #5]. In response to the order, Plaintiff filed an amended complaint, which alleges that he mailed a letter and homemade ring to his stepdaughter on January 3, 2014. [Entry #7 at 3]. Plaintiff states that his stepdaughter did not receive the letter or ring. *Id.* He alleges that he subsequently mailed separate letters containing rings constructed from paper and pretzel bags to both his girlfriend and stepdaughter on February 1, 2014. *Id.* He asserts that his family received the letters, but there were no rings inside the envelopes. *Id.*

Plaintiff asserts he submitted a grievance form to Wineglass on February 3, 2014, and "was told to report to booking" where Clarey allegedly admitted to opening Plaintiff's outgoing mail to remove the rings prior to posting. *Id.* at 4. Clarey purportedly stated a "paper" gave her the right to open Plaintiff's mail. *Id.* Plaintiff seeks monetary damages, resolution of the "mail problem," and an investigation of Clarey. *Id.* at 5.

II.     Discussion

   A.      Standard of Review

Plaintiff filed his amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint

2

lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff provides sufficient factual allegations to withstand summary dismissal of his claims against Clarey. However, Plaintiff's claims against the remaining Defendants are subject to summary dismissal as discussed below.

1.   State of South Carolina

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[2] As the State of South Carolina is immune from Plaintiff's claims for damages or injunctive relief under § 1983, this defendant is entitled to summary dismissal from the action.

2.   The County

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), a municipality or other local government entity may be held liable under § 1983 "only where the constitutionally offensive actions of [] employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984); *see also Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

whose edicts or acts may fairly be said to represent official policy, inflicts injury.'") (citing *Monell*, 436 U.S. at 694). Further, the doctrine of *respondeat superior* is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent official policy or custom resulting in an illegal action. *Monell*, 436 U.S. at 694–95. Plaintiff fails to identify any governmental policy or custom of the County which caused his constitutional rights to be violated. At most, Plaintiff attributes to the County, in a conclusory fashion, the alleged wrongful acts of Clarey. As such, Plaintiff's claims against the County are subject to summary dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

       3.     GCDC

It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 690 n.55 (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not persons and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); *see also Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

GCDC is a facility used primarily to house pretrial detainees awaiting trial in state court. Because GCDC is not a person amenable to suit under § 1983, it should be summarily dismissed from this case.

4.  Schwartz

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Iqbal*, 556 U.S. at 677–78; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff provides no factual allegations to demonstrate a violation of his constitutional rights by Schwartz. Therefore, Schwartz is entitled to summary dismissal from the case.[3]

5.  Wineglass

Plaintiff alleges that he submitted a grievance to Wineglass concerning the opening of his outgoing mail. [Entry #7 at 4]. Liberally construed, Plaintiff appears to be alleging a violation of his right to due process associated with Wineglass's processing of the grievance. However, a prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10–6938, 2011 WL

---

[3] To the extent Schwartz is a supervisor at GCDC, Plaintiff fails to demonstrate that this defendant was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. Therefore, any supervisory liability claims against Schwartz are also subject to summary dismissal. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999).

6

917248, at *2 (4th Cir. March 17, 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the [] grievance procedure is not actionable under § 1983."). Therefore, Wineglass is entitled to summary dismissal from this case.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process as to the following defendants: State of South Carolina; County of Georgetown; Georgetown County Detention Center; Michael A. Schwartz; and Collett Wineglass.

IT IS SO RECOMMENDED.

April 10, 2014                                            Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).