IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell Snow, | ) | C/A No.: 1:14-412-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Joann Clarey, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Darrell Snow, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff sues Lieutenant Joann Clarey ("Defendant") for alleged illegal tampering and censoring of his mail during his incarceration at the Georgetown County Detention Center ("GCDC"). This matter comes before the court on (1) Plaintiff's motion to amend the amended complaint [Entry #27] and (2) Plaintiff's failure to respond to Defendant's motion for summary judgment [Entry #19]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings.

I.      Motion to Amend

In his amended complaint, Plaintiff alleges that he mailed a letter and homemade ring to his stepdaughter on January 3, 2014. [Entry #7 at 3]. Plaintiff states that his stepdaughter did not receive the letter or ring. *Id.* He alleges that he subsequently mailed separate letters containing rings constructed from paper and pretzel bags to both his girlfriend and stepdaughter on February 1, 2014. *Id.* He asserts that his family received the letters, but there were no rings inside the envelopes. *Id.* Plaintiff asserts he submitted

a grievance form on February 3, 2014, and "was told to report to booking" where Clarey allegedly admitted to opening Plaintiff's outgoing mail to remove the rings prior to posting. *Id.* at 4. Clarey purportedly stated a "paper" gave her the right to open Plaintiff's mail. *Id.*

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). The allegations against Defendant in Plaintiff's motion to amend the complaint are virtually identical to the allegations in the amended complaint. While Plaintiff attached documents to his motion to amend that he believes support the allegations of his complaint, the documents are more akin to evidence and would more appropriately be included as support in a response to a motion for summary judgment. Because Plaintiff has not set forth new factual allegations against Defendant, Plaintiff's motion to amend is denied as futile.

II.     Plaintiff's Failure to Respond to Defendant's Motion for Summary Judgment

Defendant filed a motion for summary judgment on May 2, 2014. [Entry #19]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on May 2, 2014, advising him of the importance of the motion for summary judgment and of the need for him to file an adequate response. [Entry #20]. Plaintiff was specifically advised that if he failed to respond adequately by June 5, 2014, Defendant's motion may be granted.

On May 12, 2014, Plaintiff filed a letter to the court complaining that his due process rights have been violated because he does not have access to a law library and requesting additional time to hire an attorney. [Entry #26]. The Fourth Circuit has ruled that the United States Constitution does not require every local jail to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987); *Hause v. Vaught*, 993 F.2d 1079, 1084–85 (4th Cir. 1993). "[T]he brevity of confinement does not permit sufficient time for prisoners to petition the courts." *Magee*, 810 F.2d at 452. Additionally, Plaintiff has now had ample time to look for an attorney.

Plaintiff is directed to advise the court whether he wishes to continue with this case and to file a response to Defendant's motion for summary judgment by September 18, 2014. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

August 19, 2014                                    Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge